THE BOARD OF EDUCATION OF THE CITY OF NEWARK v. JOHN G. HOWARD AND SAMUEL M. CAULDWELL, PARTNERS, AND JOHN S. DAY.

Argued February 20, 1900—Decided June 11, 1900.

In an action on contract against several persons, it must appear on the face of the declaration that each defendant is bound by the entire contract set forth ; that the entire contract counted upon is a joint contract. *Newman* v. *Fowler*, 8 *Vroom* 89, distinguished.

---

On contract. On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *Frederick T. Johnson.*

For the defendants, *Frederick F. Guild.*

The opinion of the court was delivered by

VAN SYCKEL, J. The first count of the declaration sets forth the following facts:

"1. That the defendants Howard & Cauldwell undertook and promised the plaintiff, for a good consideration, to draw plans and specifications for the said school-house or building, which should be skillfully drawn; that the building erected in accordance therewith should be well and strongly built and erected, and that they would superintend the erection of the building, and that it should be built and erected in a skillful, artificial and workmanlike manner in accordance with the plans and specifications.

"2. That the defendant John S. Day entered into a written contract with the plaintiff, for the consideration therein stated, to do the mason work, plastering work, fireproofing work and the mason work for the heating and ventilating system, to be done in and about the erection of said building, according to the said drawings and specifications made by the defendants Howard & Cauldwell in a good, workmanlike and substantial manner, and under the direction of the said architects, and to furnish all the materials for the said work.

"3. That in and by the specifications annexed to the said written contract, the granolithic or stone pavements in the basement of the said building, and in the corridors, lavatory rooms and staircase landings, and wherever indicated on the said plans, were to be laid by the defendant John S. Day, and he was to provide the materials therefor.

"4. That the defendants Howard & Cauldwell did act as such architects in furnishing the plans and specifications and superintending the erection of the said building, and received from the plaintiff large sums of money therefor.

"5. That the defendant Day did the mason work, &c., mentioned in his contract and furnished materials therefor, and the plaintiff has performed all things to be performed and kept on his part mentioned in the said agreement.

"6. Nevertheless, the defendants did not regard their promises, undertakings and agreement in this:

"(a) That the plans and specifications were not skillfully

drawn, and the said school-house was not constructed in a skillful, artificial and workmanlike manner and in accordance with the said plans and specifications.

"(*b*) But, on the contrary thereof, the defendants Howard & Cauldwell so improperly governed and conducted themselves as such architects, in and about the drawing of the plans and specifications, and in and about the superintending of the said building during the building thereof, *and* the said defendant Day so improperly governed and conducted himself in and about the laying of the artificial stone and granolithic pavements or floors in the said building, and in furnishing the material therefor, that the said artificial stone and granolithic pavement or floors were laid in a very unskillful, slight, weak and inartificial manner, and with poor material, and are rough, cracked and disintegrated, contrary to the promises and undertakings and agreement by them made as aforesaid."

The second count is substantially like the first count.

It alleges the contract of the architects to superintend the erection and construction of the building and to cause the same to be built with good and proper materials in a workmanlike manner, and also alleges that said Day agreed to furnish good, proper and sufficient materials for the mason work, and to do said mason work agreeably to the specifications, under the directions of said architects, in a good, workmanlike manner.

The breach assigned is that the architects neglected to properly superintend said building, and the said Day neglected to furnish proper materials and to do his said mason work in workmanlike manner, by reason of which said building was not erected in a skillful, artificial and workmanlike manner, and in accordance with said plans and specifications.

To these counts of the declaration the defendants Howard & Cauldwell interposed a general demurrer.

This is an action on contract against several persons, and therefore it must appear on the face of the pleading that their contract is joint, and that fact must also be proved on the trial.

If the contract is alleged to be joint, and on the trial it appears to be several, the plaintiff must be nonsuited.

In these counts two independent contracts are set forth; one with the architects, in the first count, for making plans and specifications and superintendence, and for superintendence, in the second count, of the entire work of building.

The contract with Day, the mason, is in both counts for mason work.

Day is, so far as appears, in no respect responsible for the plans, or for the superintendence, but is under an obligation to follow the plans and to be governed by the instructions of the superintendents.

Different duties and different obligations are imposed upon these defendants.

The breach of duty on the part of the architects does not impose any legal liability for damages on the defendant Day.

The measure of damages applicable to the case of Day is not the same as that which will apply to the architects.

The contract set forth is not a joint contract, and will not support an action against all of the defendants jointly.

The plaintiff rests his case upon *Newman* v. *Fowler*, 8 *Vroom* 89, in which the late Chief Justice Beasley delivered the opinion of the Supreme Court. No one would question the authority of a jurist so skillful and so deeply versed in the science of pleading. That case was rightly decided, but it does not support the contention of the defendant.

That was an action on the case against the architect alone, founded on the neglect of the architect, and alleging that the house was badly built in consequence of the joint neglect of the architect and the contractor.

The Chief Justice correctly said that "Whenever the damage is the product of the contributor's misfeasances, the action will be against each of the wrongdoers, and the person thus sued will be held responsible for the entire detriment. It is the familiar rule of practice that all or any of joint trespassers may be prosecuted, and that such as are sued must answer for all the consequences of the wrong done. This principle is a general one applicable to every case of a tort."

The case, *sub judice,* differs in that it is an action on contract, and more especially in that Day is not equally and jointly responsible with the architects upon the entire contract set forth, and cannot be made to answer for all the alleged grievance.

In our judgment the demurrer is well taken.